UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JEREMY A. WINNERS,

    Petitioner,

    v.       CAUSE NO. 3:21-CV-279-DRL-MGG

WARDEN,

    Respondent.

OPINION AND ORDER

Jeremy A. Winners, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-11-237)) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of unauthorized possession of property in violation of Indiana Department of Correction Offense 215. Following a hearing, he was sanctioned with a loss of ninety days of earned credit time and a demotion in credit class. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Mr. Winners argues that the hearing officer should not have sanctioned him with restitution in the amount of six hundred dollars. "[A] habeas corpus petition must attack the fact or duration of one's sentence; if it does not, it does not state a proper basis for relief under § 2254." *Washington v. Smith*, 564 F.3d 1350, 1351 (7th Cir. 2009). Because this argument does not relate to the fact or duration of his sentence, this claim is not a basis for habeas relief.

Mr. Winners also argues that he is entitled to habeas relief because correctional staff did not serve him with the conduct report within seven days from the date of the incident as required by departmental policy. Service within this timeframe is not listed among the requirements for procedural due process for prison disciplinary proceedings enumerated in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the United States Supreme Court has indicated that this list of requirements is exhaustive. *White v. Indiana Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (citing *Baxter v. Palmigiano*, 425 U.S. 308, 324 (1976)). Further, the failure to follow departmental policy does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

Because Mr. Winners has not asserted a valid claim for habeas relief, the habeas petition is denied. If Mr. Winners wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed *in forma pauperis* on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jeremy A. Winners leave to proceed *in forma pauperis* on appeal.

SO ORDERED.

May 13, 2021

*s/ Damon R. Leichty*
Judge, United States District Court